IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Case No. 3:20-cr-00023 |
| Plaintiff, | : |
| | : Magistrate Judge Caroline H. Gentry |
| vs. | : |
| | : |
| LONNIE MCKIBBEN, | : |
| | : |
| Defendant. | : |

**OPINION AND ORDER**

This matter came before the Court on the Government's petition to revoke the Defendant's probation and sentence him to ninety days imprisonment (Doc. No. 26).[1] The Court held a revocation hearing on June 30, 2022 and July 7, 2022. At the conclusion of the hearing, the Court granted the Government's petition, revoked the Defendant's probation, sentenced him to ninety days in prison, and remanded him to the custody of the U.S. Marshal. This Opinion and Order expands upon the reasons stated by the Court during the hearing for granting the Government's petition.

I.   FACTS

On August 4, 2021, the Defendant pled guilty to operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them while on federal property, in violation of 18 U.S.C. §§ 7 & 13 and Ohio Revised Code § 4511.19(A)(1)(a).

---

[1] The undersigned Magistrate Judge is authorized to rule on the Government's petition and revoke the Defendant's probation because the underlying conviction is a misdemeanor. 18 U.S.C. § 3401(d).

1

The penalty for a first offense under this Ohio statute is a mandatory minimum three-day term of imprisonment and a maximum sentence of six months imprisonment. Ohio Rev. Code § 4511.19(G)(1)(a)(i). The Court did not sentence the Defendant to any term of imprisonment; instead, it sentenced him to a twelve-month term of probation.

On January 24, 2022, Probation Officer Matthew Scott reported that the Defendant had been arrested in another jurisdiction and was charged with operating a vehicle under the influence and failure to stop at a stop sign. Mr. Scott verbally admonished the Defendant for violating the terms of his probation. He recommended that no action be taken by the Court, although he reserved the ability to seek sanctions if the Defendant were later convicted. He stated that he would instruct the Defendant to seek additional substance abuse treatment (since the Defendant had reportedly completed substance abuse treatment during the prior month). The Court concurred with the recommendation. (Doc. No. 25, PageID #62-64; Joint Exhibit 5.)

On June 3, 2022, Mr. Scott reported a second probation violation and asked the Court to issue a summons, revoke the Defendant's probation, and sentence him to ninety days imprisonment. Mr. Scott advised the Court that the Defendant had been arrested in yet another jurisdiction and charged with operating a vehicle under the influence, assault, and domestic violence. Mr. Scott alleged that these new criminal charges violate the mandatory condition of probation that requires the Defendant not to commit another federal, state, or local crime. (Doc. No. 26, PageID #65-72; Joint Exhibit 6.)

This Court held a probation revocation hearing on June 30 and July 7, 2022. Counsel for the Government, Alana Kitchen, cited the Defendant's repeated non-

compliance with conditions of his pretrial release (see Joint Exhibits 1-4), his first post-sentencing arrest for OVI (Joint Exhibit 5), and his most recent arrest for OVI, assault and domestic violence (Joint Exhibit 6). She presented testimony from Probation Officer Scott, who testified that he spoke with the Defendant's treatment provider and was told that the Defendant did not complete his second round of treatment. Finally, Ms. Kitchen introduced the police report from the Defendant's most recent arrest. ("Report," Gov't Exhibit 1). It shows that the Defendant is charged with three first-degree misdemeanors: domestic violence (aggravated assault), simple assault, and OVI.

The Report includes an incident report authored by Police Officer Daniel Krall. According to Officer Krall, police responded to a beverage drive-thru around midnight upon complaints of an assault in progress. By the time they arrived, the Defendant had left. Officer Krall drove around the Defendant's neighborhood and pulled over a white truck that matched the description of the Defendant's vehicle. When he spoke to the Defendant, Officer Krall "immediately detect[ed] a strong odor of an alcoholic beverage." He also noted that the Defendant was disoriented and had red/glassy eyes and slurred speech. The Defendant initially denied being drunk but eventually admitted to consuming 2-3 small bottles of liquor. Officer Krall asked him to perform field sobriety tests but the Defendant refused. He also refused to take a breathalyzer test. Officer Krall arrested the Defendant for OVI and took him into custody.

Officer Krall interviewed the Defendant's parents. His mother stated that the Defendant was at the drive-thru for hours and was drinking, which he was not supposed to do, so she went there and asked him to come home. He refused. She asked her husband

to intervene. His father drove to the drive-thru and "they had a confrontation about [the Defendant] being intoxicated." The mother stated that "during the argument, [the Defendant] began to swing at [the father]." The father told the Defendant to collect his dog and property and leave their house. The three of them returned to the residence and the Defendant then "again tried to go after" the father. The mother stated that "she attempted to hold [the Defendant] back but he knocked her down and went after [the father]." The father stated that "he was injured from the assault and sustained a laceration to his left ear [and] head." Both parents provided written statements, which are included in the Report. The Defendant declined to provide a written statement.

Counsel for the Defendant, Charles M. Rowland, II, did not introduce any evidence or cross-examine Mr. Scott. He stated that his client could not admit or deny the alleged violation because of the pending criminal proceedings. He represented that his client had recently sold his truck and so could not drink and drive. He pointed out that his client completed the first round of substance abuse treatment, which was the only treatment actually ordered by the Court. He conceded that the Defendant had not yet completed his second round of substance abuse treatment, and stated that the delay occurred because of the Defendant's work schedule. He argued that the Court should not consider the pending criminal charges because they are unproven. He objected to the introduction of the Report on the same basis and because he was unable to cross-examine witnesses. The Defendant declined to make a statement to the Court in mitigation.

## II. LEGAL STANDARD

This Court may revoke the Defendant's probation and resentence him under 18 U.S.C. §§ 3551 et seq. if it finds, after holding a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, that he has violated a condition of his probation. 18 U.S.C. § 3565(a)(2). The Sixth Circuit has explained that "[p]robation revocation hearings involve two analytically distinct stages: (1) a factual determination of whether the probationer has violated a condition of probation; and (2) a discretionary determination of whether violation of a condition warrants revocation of probation." *U.S. v. Bujak*, 347 F.3d 607, 609 (6th Cir. 2003). Each stage is discussed briefly below.

### A. **Factual determination**

The first determination that the Court must make is whether the Defendant has in fact violated a condition of probation. *Bujak*, 347 F.3d at 609. The Court must make this determination based upon a preponderance of the evidence. *Id*.

The Federal Rules of Evidence do not apply at a probation revocation hearing. Fed. R. Evid. 1101(d)(3). As with supervised-release and parole revocation hearings, the Defendant is only entitled to the "minimum requirements of due process." *U.S. v. Terrell*, Nos. 21-3483/3484, 2022 U.S. App. LEXIS 15382, *4 (6th Cir. June 3, 2022) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972)). The Court may "consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id*. The Court may also consider reliable hearsay, including a probation officer's report of evidence gathered during his investigation. *Stephenson*, 928 F.2d at 732; *U.S. v. Kirby*, 418 F.3d 621, 626-27 (6th Cir. 2005). The Court is permitted

5

to limit the Defendant's cross-examination of adverse witnesses, as the Confrontation Clause does not apply. *Kirby*, 418 F.3d at 627-28; Fed. R. Crim. P. 32.1(b)(2)(C).

"[A] single violation of a condition of probation is enough to revoke probation." *Latson v. U.S.*, 68 F. App'x 544, 549 (6th Cir. 2003). The Court may consider "evidence relating to violations not specifically mentioned in the revocation petition as long as the defendant is given reasonable notice of those charges and has an opportunity at the hearing to rebut those charges." *U.S. v. Mumford*, No. 93-1233, 1993 U.S. App. LEXIS 20662, *5-6 (6th Cir. Aug. 12, 1993). The Court may not, however, consider conduct that occurred **before** the Defendant was sentenced to probation. *U.S. v. Twitty*, 44 F.3d 410, 412 (6th Cir. 1995).

The Court is not bound by the outcome of separate criminal proceedings arising from the violation—even if those proceedings ultimately end in dismissal of the charges, acquittal, or reversal of the conviction on appeal. *See U.S. v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (citing *Taylor v. U.S. Parole Comm'n*, 734 F.2d 1152, 1195 (6th Cir. 1984)). The Court also is not required to wait for those proceedings to reach a conclusion. *U.S. v. Harris*, No. 97-1779, 1998 U.S. App. LEXIS 10765, *6 (6th Cir. May 27, 1998).

### B. Discretionary determination and resentencing

If the Court finds that a defendant has violated a condition of probation, then it must make a discretionary determination as to whether the violation warrants revocation of probation. *Bujak*, 347 F.3d at 609. When making this decision, the Court shall consider "the need for the sentence imposed—

6

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a)(2) (cited in 18 U.S.C. § 3565(a)). The Court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established for the applicable offense, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities among defendant who are similarly situated, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1) & (3)-(7). Although this Court is not required to make findings as to each factor, it must "articulate enough of its reasoning to permit an informed appellate review." *Bujak*, 347 F.3d at 610.

If the Court decides to revoke a defendant's probation, then it must re-sentence the defendant. *Bujak*, 347 F.3d at 610. The Court's sentence must be both procedurally and substantively reasonable. *See U.S. v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). Procedural reasonableness requires the Court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *U.S. v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Substantive reasonableness requires the Court to avoid

placing "too much weight on some of the § 3553(a) factors and too little on others," thereby resulting in an unduly long (or short) sentence. *Id*. at 442.

### III. ANALYSIS

For the reasons set forth below, the Court finds that the Defendant has violated a mandatory condition of his probation, exercises its discretion to revoke his probation, and sentences him to ninety days imprisonment.

#### A. **The Court Finds That Defendant Violated A Condition Of Probation**

The Court finds by a preponderance of the evidence that the Defendant committed the actions described in the Report. The Court further finds that the Defendant's actions violate state laws prohibiting domestic violence, assault, and operating a vehicle under the influence. These state-law violations violate the mandatory terms of the Defendant's probation, which require him not to commit another federal, state or local crime.

The Court bases these findings upon the factual statements and averments in the Report, including the incident report authored by Officer Krall and the written statements of the Defendant's parents. As noted above, the Federal Rules of Evidence do not apply and the Court may consider reliable hearsay. Fed. R. Evid. 1101(d)(3); *Stephenson*, 928 F.2d at 732; *Kirby*, 418 F.3d at 626-27. The Court concludes that the Report constitutes reliable hearsay. The Defendant provided no contrary or contradictory evidence.

Defendant's counsel argues that the Court should not consider the Report because he was unable to cross-examine relevant witnesses. This argument is not well-taken. The Court may limit the cross-examination of witnesses at a probation revocation hearing.

Fed. R. Crim. P. 32.1(b)(2)(C). Further, because it is a post-sentencing proceeding, the Confrontation Clause does not apply. *Kirby*, 418 F.3d at 627-28.

Equally unavailing is the Defendant's argument that the Court should not consider the Report because the criminal charges are unproven. The Court is required to make its own factual findings under a preponderance-of-the-evidence standard; there is no requirement that the charges be proven beyond a reasonable doubt. *Bujak*, 347 F.3d at 609. The Court also is not required to wait until these criminal charges are adjudicated. *Harris*, 1998 U.S. App. LEXIS 10765, *6. Indeed, even if the charges against the Defendant are ultimately dismissed, or he is acquitted, the Court is not bound by those outcomes. *Stephenson*, 928 F.2d at 732 (citing *Taylor*, 734 F.2d at 1195).

The Court does not base its finding upon the other incidents described during the hearing. Although the Government asked the Court to consider the Defendant's repeated violations of the conditions of his pretrial release (*see* Joint Exhibits 1-4), the Court is not permitted to consider pre-probation conduct when determining whether the Defendant violated his probation. *Twitty*, 44 F.3d at 412. The Court finds that the Defendant did not violate his probation by failing to complete substance abuse treatment, as it is uncontroverted that he completed the first round of treatment and there is no evidence that the Court ordered him to complete a second round of treatment. The Court declines to rely upon the OVI described in Joint Exhibit 5 because no police report was provided and Mr. Scott's report does not provide sufficient information about those charges.

Instead, the Court relies solely upon the Defendant's conduct and arrest described in the Report (Joint Exhibit 6). Although it is a single incident, it provides a sufficient

9

basis to find that the Defendant violated a term of his probation. *See Latson*, 68 F. App'x at 549 ("[A] single violation of a condition of probation is enough to revoke probation.").

### B.  The Court Determines That Revocation Is Warranted

The Court further finds that revocation of the Defendant's probation is warranted. Under Ohio law, he could have been sentenced to up to six months imprisonment and he faced a mandatory minimum three-day sentence of imprisonment. The relative lenity of the Defendant's sentence (probation) is plainly insufficient to deter him from committing the same criminal conduct again. Revocation of probation is also necessary to protect the public from further crimes of the Defendant—particularly the crime of driving under the influence of alcohol or drugs, which poses a significant danger to the community.

The Defendant requested home confinement in lieu of imprisonment. The Court concludes that modifying the terms of probation to require home confinement will not be sufficient to deter the Defendant and protect the public. While it might be an acceptable resolution in some cases, it is not viable here. The Defendant faces charges of physically assaulting his parents, with whom he resides. The Court will not further endanger the Defendant's parents by ordering home confinement.

### C.  The Court Resentences The Defendant to Ninety Days In Prison

Having revoked the Defendant's probation, the Court must now resentence the Defendant pursuant to 18 U.S.C. § 3553(a). For the reasons stated above, the Court concludes that it is necessary to sentence the Defendant to a term of imprisonment.

For the offense of conviction, Ohio law imposes a mandatory minimum three-day sentence of imprisonment and a maximum six-month sentence of imprisonment. Ohio

Rev. Code § 4511.19(G)(1)(a)(i). This offense is a Class B misdemeanor and the Sentencing Guidelines therefore do not apply. 18 U.S.C. § 3559(a)(7); 18 U.S.C. App'x § 1B1.9. The Government has requested a ninety-day sentence of imprisonment, which is squarely in the middle of the sentencing range. It will therefore presumably avoid unwarranted sentence disparities among similarly-situated defendants.

The Court concurs with the Government's recommendation. The Court is required to impose a sentence that is "sufficient, but not greater than necessary," to accomplish the goals of promoting respect for the law, affording adequate deterrence, and protecting the public from further crimes of the Defendant. 18 U.S.C. § 3553(a). The Court finds that a ninety-day sentence is sufficient, but not greater than necessary, to accomplish these goals. In addition to the serious allegations (OVI, domestic violence and assault) that the Defendant is presently facing, the Court also considers the Defendant's repeated non-compliance with the Court-ordered conditions of his pretrial release. A relatively lengthy sentence is required to impress upon the Defendant the seriousness of his offenses and the need to change his conduct going forward.

### IV. CONCLUSION

For the reasons stated, the Court GRANTS the Government's petition to revoke Defendant's probation (Doc. No. 26). The Court finds that the Defendant is guilty of violating the mandatory condition of probation that he shall not commit another federal, state or local crime. The Court therefore revokes the Defendant's probation. The Court ORDERS that the Defendant is sentenced to a ninety-day term of imprisonment pursuant to the Sentencing Reform Act of 1984, with no term of probation to follow.

11

This Opinion and Order shall be filed *nunc pro tunc* and deemed effective as of July 7, 2022, which is the date that the Court announced the sentence.

Any party may, within fourteen (14) days after this Opinion and Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.

**IT IS SO ORDERED.**

                                          */s/ Caroline H. Gentry*
                                          Caroline H. Gentry
                                          United States Magistrate Judge